OF THE

## STATE OF NEW JERSEY,

### ON APPEAL FROM THE COURT OF CHANCERY

### AND PREROGATIVE COURT.

### JUNE TERM, 1884.

———— ■ ————

JOSEPH A. HALSEY et al., appellants,

*v.*

WARREN ACKERMAN, respondent.

In a suit in equity by a stockholder and creditor against the directors of a corporation, founded on alleged negligence, the bill will not be demurrable if it sets out particular acts of gross negligence, although the facts are stated in a general form.

————

On appeal from a decree of the chancellor, whose opinion is reported in *Ackerman* v. *Halsey, 10 Stew. Eq. 356.*

*Mr. John W. Taylor,* for appellants.

501

I. The bill shows no claim to the relief sought.

1. The complainant alleges that "before the year 1873," he became the owner of one hundred and fifty-five shares of the capital stock of the bank, and that before the "acts of negligence" of the defendants, the "bank had and owned money, assets and property, by means of which" its stock "was worth a large premium above its par value."

2. But he also alleges or shows that the bank was insolvent from the time of its organization, which must have been before 1868.

3. He further alleges "that he has sustained damages to the amount of $15,589.17, with interest."

4. He prays that "the damages sustained by reason of the matters and things hereinbefore stated and set forth, may be ascertained and determined," and that the defendants may be adjudged to pay the same &c.

5. He asks for no discovery and for no account, and as he has liquidated his own damages at "$15,589.17, with interest," his prayer (so far as his own case is concerned) is that his interest may be ascertained, and judgment given for the amount thereof, added to the principal.

6. Even if there were other allegations in the bill inconsistent with those referred to, they would not avail the complainant.

"Where two inconsistent statements are made in a bill, a defendant is entitled, upon demurrer, to adopt that which is most against the complainant's interest." *Vernon* v. *Vernon, 2 M. & C. 145.*

"The presumption is always against the pleader, because the plaintiff is presumed to state his case in the most favorable way for himself, and therefore, if he has left anything material to his case in doubt, it is assumed to be in favor of the other party." *Columbine* v. *Chichester, 2 Phil. 27, 28.*

"A plaintiff seeking to charge a party with the consequences of a breach of trust, is bound so to state his case upon the bill that the circumstances alleged, if proved, must necessarily, and at all events, constitute a breach of trust." *Attorney-General* v. *Mayor of Norwich, 2 M. & C. 406.*

7. It is important to observe that although the complainant, at the opening of his bill, alleges himself to be a stockholder and creditor of the bank, yet he does not show how or to what extent he is a creditor, or pray any relief as creditor; but his sole grievance is that, as the holder of one hundred and fifty-five shares of stock, "he has sustained damage to the amount of $15,589.17, with interest," and his prayer is only in his capacity of stockholder, that he "may recover against the said president and the said directors of said bank the damages sustained by him as a stockholder of said bank."

The complainant's *status* in this suit is therefore that of a stockholder alone, and the liability of the defendants is such as they sustain to a stockholder alone. See *Scott* v. *Depeyster, 1 Edw. Ch. 513 ; Spering's Appeal, 71 Pa. St. 11 ; S. C., Thompson on Liability of Officers 354–359,* and cases there cited.

II. The allegations of the bill are too vague and uncertain to warrant a decree or to require an answer.

"Although the same precision is not required in bills in equity as in pleadings at law, yet it is absolutely necessary that such a convenient degree of certainty should be adopted as may serve to give the defendant full information of the case which he is called on to answer." *1 Daniell's Ch. Pr. (5th ed.) 368, et seq. ; Story's Eq. Pl. § 242, et seq. ; Wormald* v. *De Lisle, 3 Beav. 18 ; East India Co.* v. *Henchman, 1 Ves., Jr., 287 ; Cresset* v. *Mitton, Id. 448 ; Ryves* v. *Ryves, 3 Ves. 343 ; Frietas* v. *Dos Santos, 1 Y. & J. 574.*

III. The complainant does not show a right to bring this suit.

1. The bill merely avers that he requested the receiver "to commence and prosecute proceedings against the said president of said bank and the said defendant directors thereof, to recover from them the damages which the said bank and the stockholders thereof had sustained " by reason of their negligence &c., and that the receiver "neglected and refused to commence such proceedings."

2. "Such proceedings" it was not the duty of the receiver to commence.

Halsey v. Ackerman.

The receiver was not called, as such, to sue for damages, *i. e.*, to bring an action for damages, and not for the benefit of the creditors as well as the stockholders. See *Thompson on Liability of Officers 385, and cases there cited.*

IV. The court of chancery cannot assess and award damages for negligence, as prayed in this case. See *2 Story's Eq. Jur.* §§ *794, a a 799; The Corporation of Ludlow* v. *Greenhouse, 1 Bligh (N. S.) 17.*

*Mr. J. Hervey Ackerman,* for respondent.

I. The bill of complaint, as to its form, its subject-matter, the relief sought by it and the parties to it, is sufficient to entitle the complainant to the decree he asks. Every fact necessary to be proved to show the particular situation of the defendants and their relation to complainant from which their duty and liability to him arose, and the injury and loss they have caused him, is stated with enough particularity to fairly advise the defendants what acts of theirs is the subject of complaint and what is the case made against them. This being so, the important object of pleading is attained by the bill.

The order appealed from must therefore be affirmed, unless the appellants can satisfy the court that it is an absolute, certain and clear proposition, that taking the charges in the bill to be true, it would be dismissed at the hearing. Such is the settled rule in this state. *Vail's Exrs.* v. *C. R. R. Co., 8 C. E. Gr. 466.*

A demurrer to a bill for discovery and relief cannot be sustained if the complainant is entitled to the relief, though not to the discovery. If the complainant shows himself, in any wise, entitled to the aid of the court, a demurrer to the whole bill is obviously improper. *Metler* v. *Metler, 4 C. E. Gr. 459.*

The facts of a bill in chancery need not be stated with that technical accuracy of statement which precludes all argument, inference and presumption against the party pleading; certainty, to a common intent, is all that is ordinarily required. *Story's Eq. Pl. § 240, note 3; Randolph* v. *Daly, 1 C. E. Gr. 313–319; Paterson and Hudson R. R. Co.* v. *Jersey City, 1 Stock. 434–437; Gogharty* v. *Bennet, 10 Stew. Eq. 88; Chitty Pl. 238;*

*State* v. *Rickey, 4 Hal. 310; Bennington Iron Co.* v. *Rutherford, 3 Harr. 107; Rorback* v. *Dorsheimer, 10 C. E. Gr. 518.*

This bill clearly shows the obligation these defendant directors were under to protect this bank and complainant's interest therein.

(*a*) By their consenting to be elected its directors.

(*b*) Their taking the oath of office to perform the duties thereof.

(*c*) Their undertaking to perform these duties.

(*d*) Their having abundant means and facilities to discharge this obligation.

The breach of this obligation appears in their utterly neglecting, without any reasonable excuse, to give reasonable or proper personal attention to the affairs of the bank. And the consequence of such negligence was the ruin of the bank and the injury to complainant.

Besides the general allegations of negligence, the following are *some* of the more specific charges in the bill: That these defendant directors made favorable reports of the financial condition of the bank when it was insolvent, and an ordinary examination of its affairs would have disclosed the fact that its funds were being abstracted and misapplied by its cashier; that they continued in office as president of said bank, a person they knew was not qualified for the place, and trusted him with the control of all the bank's moneys and affairs, with full knowledge of the fact of his inability to properly care therefor; that they required no security from the cashier of said bank for the honest performance of his duties, although he had full control of the moneys and property of said bank; that they failed to keep correct books of account; that they were satisfied with, and accepted as final, all the statements made by said cashier without verifying them; that they declared and paid dividends when the bank was insolvent; that they permitted irresponsible parties to overdraw their accounts.

The bill charges that it was "through culpable negligence that these directors permitted the cashier of this bank to abstract and misapply its funds to an amount exceeding two millions of dol-

lars." It shows that this culpable negligence consisted partly in their having as president of the bank a person " whom they knew was not qualified to discharge the duties of president, and trusting him with the control of all the moneys and affairs of the bank, with full knowledge of his inability to properly care therefor; in employing a person as cashier without requiring from him any security for the faithful performance of his duties; in accepting, as final, all the statements of the cashier without verifying them; in never making an examination of the books and affairs, to determine whether or not the bank was being honestly administered."

Are these charges, admitted by the demurrer to be true, " too general, vague and indefinite to entitle this respondent, in a court of equity, to any relief against these directors, as to the matters contained in this bill ?"

II. The bill shows that these directors were guilty of the negligence charged, while they pretended to be discharging *trust* duties.

The subject-matter of the suit is therefore peculiarly within the jurisdiction of a court of equity. *Citizens Loan Association* v. *Lyon*, *2 Stew. Eq. 110.*

The bill charges that each of said defendant directors accepted said office and *trust*  *  *  *  and took upon himself the performance of the duties and responsibilities pertaining to the office of a director of said bank.

The capital stock of a bank is a *trust* fund for the security and payment of creditors. *Williams, Receiver,* v. *Jersey City Bank,* *11 Stew. Eq.*

III. Directors of corporations are the trustees thereof. They sustain the same relation to the shareholders that a trustee does to his *cestui que trust.* From the identity of the relation arises the same duties, and for any waste of the corporate funds caused by negligence, they are liable. *Citizens Loan Association* v. *Lyon, 3 Stew. Eq. 732 ; Chester* v. *Halliard, 7 Stew. Eq. 342 ; Williams* v. *Riley, 7 Stew. Eq. 401 ; Brinckerhoff* v. *Bostwick, 88 N. Y. 52 ; Koehler* v. *Black River Falls Iron Co., 2 Black*

Halsey v. Ackerman.

*715; Hun v. Cary, 82 N. Y. 72; Trustees &c. v. Bosseiux, 3 Fed. Rep. 834; Story Eq. Jur. § 1252; Robinson v. Smith, 3 Paige 322; Peabody v. Flint, 6 Allen 52; Heath v. Erie R. R. Co., 8 Blatchf. 348; Curran v. Bank of Arkansas, 15 How. 311; Scott v. Depeyster, 1 Edw. Ch. 543; U. S. Co. of Shakers v. Underwood, 9 Bush 621; Graves v. Lebanon Nat. Bank, 10 Bush 23; Mersey Docks v. Gibbs, 11 H. L. C. 687–701; L. R. (1 H. L.) 93; Martin v. Webb, S. C. of U. S., Jan. 7th, 1884, 3 S. C. Rep. 433.*

IV. The appellants are liable because they had the exclusive management of the bank while it was being ruined, and when they had abundant means for preventing such ruin. As such ruin could not have occurred if proper care had been exercised, an irresistible presumption arises that such ruin was the result of negligence.

The bill shows when these appellants were the officers of the bank; what it was their duty, as such officers, to do; that they neglected and violated their duty; the means they had for protecting the bank.

The well-settled principle of the common law is that, when it is the duty of a particular person to do a certain act, and, in consequence of his neglect to do it, another sustains an injury, an action lies. *Bartlett v. Crozier, 17 Johns. 439; Yates v. Joyce, 11 Johns. 140; Kelsey v. Barney, 2 Kern. 429; Trustees v. Bosseiux, 3 Fed. Rep. 828; U. S. Rev. St. § 5147.*

V. Respondent has sustained injury through the negligence of these directors, for which he is entitled to redress, and can only get in a court of equity.

All actions for negligence presuppose some obligation or duty violated. Where there is anything in the circumstances to create a duty, either to an individual or the public, any neglect to perform that duty, from which injury arises, is actionable. *Nolton v. Western R. R. Co., 15 N. Y. 444–449; Shearman & Redf. on Neg. § 2.*

VI. Appellee's right to maintain this suit is indisputable, and the bill brings every necessary party to it before the court.

*Chester* v. *Halliard, 7 Stew. Eq. 342 ; Williams* v. *Riley, 7 Stew. Eq. 401 ; Brinckerhoff* v. *Bostwick, 88 N. Y. 52.*

The bill shows the inability of the bank to sue, because it is under the control of a receiver. It also appears that the receiver refused to sue.

The shareholders are the parties whose interests are involved in the proceeding. Their right to sue in their own name is sanctioned both by principle and precedent. When the stockholders are numerous, the suit may be brought by one or more in behalf of all. *Brinkerhoff* v. *Brown, 88 N. Y. 60.*

VII. The state courts have concurrent jurisdiction with the federal courts in suits against national banks. The act of congress provides that suits, actions and proceedings against any such association may be had in any state, county or municipal court in the county or city in which said association is located, having jurisdiction in similar cases. *U. S. Rev. St.* § *5798 ; Bank of Bethel* v. *Pahquioque Bank, 14 Wall. 395 ;* see, also, *Cooke* v. *State National Bank of Boston, 52 N. Y. 96 ; Brinckerhoff* v. *Bostwick, 88 N. Y. 52 ; Robinson* v. *National Bank of Newberne, 81 N. Y. 385.*

VIII. The bill is not multifarious. The matter charged in it and the relief sought by it all grow out of the negligence of these directors, for which each is liable.

It does *not* set up distinct and different causes of complaint, which destroy each other, nor does it seek different reliefs inconsistent with each other. *Swayze* v. *Swayze, 1 Stock. 278.*

Where the object of a suit is single, but different persons have a claim to have separate interests, all connected with the single object of the suit, the complainant may bring such different persons before the court, as defendants, so that the whole object of the bill may be obtained in one suit. *Way* v. *Bragaw, 1 C. E. Gr. 216.*

If a defendant is a necessary party to some part of the case as stated, he cannot object that he has no interest in other transactions which constitute a part of the entire case. *Randolph* v. *Daly, 1 C. E. Gr. 315.*

A bill is not multifarious where it sets up one sufficient ground for equitable relief, and sets up another claim which, upon its face, contains no equity which can entitle the complainant to the interposition of the court, either for discovery or relief. *Darling* v. *Hammar, 5 C. E. Gr. 228; Charitable Corporation &c.* v. *Sutton, 2 Atk. 401.*

The opinion of the court was delivered by

BEASLEY, C. J.

The complainant, who is the respondent in this court, is a creditor and stockholder of the Mechanics National Bank of Newark, and the defendants were its directors at the time of its failure. The receiver of the bank is likewise a defendant. The bill purports to be exhibited for the benefit of the complainant and such others of the stockholders and creditors as may choose to join in the litigation. The sufficiency of the case stated in the bill has been put in question by demurrers.

The main point insisted on in favor of the demurrant, is that the allegations of this bill are too vague and uncertain to warrant a decree. But this exception does not rest on any basis of fact. The substance of the complaint will be found in the opinion of the chancellor, and from that statement it will be manifested that the allegations of the misconduct of the officers of this institution are as circumstantial and definite as the rules of pleading require. Most of the charges are of a nature that, for their full development, would necessitate great prolixity of narration, and in such instances, according to the well-known rule, particularity of statement is dispensed with. The charges in question are clearly of this character. Besides, a requirement that the creditor or stockholder must show in detail the various neglects and misfeasances of the officers of one of these corporations, when the books and papers appertaining to such affairs are beyond his control, would be, for the most part, to leave him remediless. The objection has no foundation in principle.

With respect to the other exception, that the court of chancery cannot assess damages for negligence, the difficulty which it sug-

gests exists, if at all, only in the terms employed to state the proposition. The bill does not, in substance, call for allowance of damages, but to hold the defendants for definite sums of money which are alleged to have been lost by their criminal negligence. The case is entirely parallel with proceedings to call a trustee to account for moneys that of right should be in his hands. This plea for the defence tacitly asserts that if the complainants' grievance exist in point of fact, in law they have no remedy. Such a position is manifestly unsustainable.

Touching the objection to the bill urged by one of the defendants, that it appears from its statements that the bank was insolvent before he became a director, the answer is that a creditor or stockholder has a right to hold officers to account for losses that occurred by reason of their culpable neglects as well after insolvency as before. The mere statement of such losses is an averment, on the part of the creditor or stockholder, of a damage done to him.

The decree should be affirmed. If the allegations of the bill are wholly true there would seem to be no doubt as to the responsibility of these defendants, for the negligence and neglects of official duty thus set forth are of the grossest character, and with respect to the doctrine of official liability founded on negligence, this is the only principle that this court is at present called upon to propound.

*Decree unanimously affirmed.*